**FILED**

August 24, 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____  JU

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JUAN ENRIQUEZ, | § | |
| TDCJ No. 0227122, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO.  SA-20-CA-977-OLG |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## DISMISSAL ORDER

Before the Court is *pro se* Petitioner Juan Enriquez's motion for leave to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1).  In his proposed § 2241 petition, Petitioner seeks to challenge the constitutionality of his July 1968 state court conviction for murder with malice aforethought for which he received a life sentence.  *State v. Enriquez*, No. 3862 (81st Dist. Ct., Karnes Cnty., Tex. July 19, 1968).  As such, his petition is more properly construed as an application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.

By requesting to file under § 2241, Petitioner appears to be trying to avoid the restrictions on filing second or successive § 2254 applications.  *See* 28 U.S.C. § 2244(b).  This is so because Petitioner is a "prolific and persistent filer of frivolous and redundant habeas corpus pleadings." *Enriquez v. Stephens*, No. 14-40784 (5th Cir. Jan. 9, 2015).  Petitioner originally filed an application for writ of habeas corpus in the Eastern District of Texas challenging this same conviction and sentence which was denied in February 2004.  *See Enriquez v. Texas*, No. 5:01-cv-288 (E.D. Tex.).  Since then, this Court has dismissed as successive several other applications for writ of habeas corpus filed by Petitioner in 2006, 2008, and 2013.  *See Enriquez v.*

*Quarterman*, No. 5:06-cv-441-XR (W.D. Tex.); *Enriquez v. Quarterman*, No. 5:08-cv-364-XR (W.D. Tex.); *Enriquez v. Stephens*, No. 5:13-cv-579-DAE (W.D. Tex). The Fifth Circuit Court of Appeals has affirmed the dismissal of Petitioner's successive § 2254 applications on several occasions. *See Enriquez v. Quarterman*, No. 07-50198 (5th Cir. Feb. 19, 2008); *Enriquez v. Stephens*, No. 14-40784 (5th Cir. Jan. 9, 2015); *Enriquez v. Stephens*, No. 14-50080 (5th Cir. Jan. 14, 2015). In fact, Petitioner was sanctioned $200 by the Fifth Circuit and barred "from filing any pro se pleading or appeal in any court subject to [the Fifth Circuit]'s jurisdiction without the advance written permission of a judge of the forum court." *Enriquez*, No. 14-40784.[1]

Nevertheless, Petitioner filed the instant request for leave to again seek habeas relief in the Southern District of Texas which transferred the case to this Court. (ECF No. 4). Before a second or successive application for writ of habeas corpus may be filed in the district court, however, 28 U.S.C. § 2244(b)(3) provides an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. Pursuant to § 2244(b), the Court finds Petitioner's successive application for writ of habeas corpus should be dismissed because he has not obtained prior approval to file a successive habeas corpus application. *See Burton v. Stewart*, 549 U.S. 147, 152  (2007) (holding the district court lacked jurisdiction to consider a successive § 2254 petition since petitioner did not obtain authorization from the court of appeals); *In re Campbell*, 750 F.3d 523, 529 (5th Cir. 2014) (petitioner must receive authorization before filing successive habeas petition). As such, the Court finds Petitioner is not authorized to file a new action in this Court.

---

[1]     A review of the docket for that proceeding indicates Petitioner has not yet satisfied this sanction. *See* http://coa.circ5.dcnlViewCase.aspx (search for 14-40784), last visited August 21, 2020.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Petitioner Juan Enriquez's motion for leave to file a petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DENIED**;

2.      Petitioner's § 2241 petition, which is construed as an application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254, is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction;

3.      Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

4.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ___24th___ day of August, 2020.


_____          _____
          **ORLANDO L. GARCIA**
      **Chief United States District Judge**